UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATE NAVAR MARTIN (D-4),

    Defendant/Petitioner,        CIVIL ACTION NO. 05-74032-DT
                                                      CRIMINAL CASE NO. 02-81149-DT
vs.

                                                      DISTRICT JUDGE AVERN COHN

UNITED STATES OF AMERICA,      MAGISTRATE JUDGE MONA K. MAJZOUB

    Plaintiff/Respondent.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**

This Court recommends that Petitioner's Motion To Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Docket # 235) be **DENIED**.

**II.**    **CASE SUMMARY**

On December 19, 2002 a federal grand jury indicted Petitioner Fate Navar Martin ("Petitioner") on charges of conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.1. Petitioner signed a plea agreement ("plea agreement") with the government on October 9, 2003. (Gov't Resp. & Opp'n. at Ex. 1). Petitioner acknowledged in the plea agreement that he had entered into an agreement with one or more named individuals to possess with intent to distribute and to distribute 980 or more kilograms of a mixture or substance containing a detectable amount of marijuana. *Id.* at Ex. 1, pp. 2-6. Petitioner further agreed that the Court could consider relevant conduct in determining his appropriate sentence, including a two level upward adjustment under the United States Sentencing

Guidelines ("Guidelines") in consideration of the 1000 kilograms of marijuana that was alleged in the Indictment. *Id.* at Ex. 1, pp. 1-2, 7, 12. The parties stipulated to a Guidelines range of 97 to 121 months. *Id.* at Ex. 1, pp. 6, 7, 12. Petitioner also waived his right to appeal his sentence under the plea agreement conditioned upon the Court sentencing him to no more than 121 months. *Id.* at Ex. 1, p. 9.

On October 9, 2003 Petitioner pled guilty to the charged offense. (Gov't Resp. & Opp'n. at Ex. 2). During Petitioner's Rule 11 plea colloquy, Petitioner admitted that he had conspired to possess with intent to distribute and to distribute 980 kilograms or more of marijuana. *Id.* at Ex. 2, p. 14. Petitioner also acknowledged that the Guidelines would determine his sentence and that he waived his right to appeal his sentence in the plea agreement. *Id.* at Ex. 2, pp. 8, 10. At the end of the hearing, the Court accepted Petitioner's guilty plea after finding it to be knowing, voluntary, and intelligent. *Id.* at Ex. 2, p. 15.

The parties appeared for a sentencing hearing on October 18, 2004. (Gov't Resp. & Opp'n. at Ex. 4). The Government argued for a middle-range Guidelines sentence of 109 months, which included the two-level upward adjustment for relevant conduct. *Id.* at Ex. 4, p. 3-4, 6. Petitioner argued that the Court could not increase his sentence by two points for relevant conduct because such factual findings by a court were prohibited under *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). *Id.* at Ex. 4, p. 3-4. The Court predicted that the Supreme Court would soon invalidate the Guidelines in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). *Id.* at Ex. 4, pp. 6-7. The Court further noted that "if I were to apply my discretion free of the Guidelines, I would sentence [Petitioner] to 97 months because I think 97 months is a tough

sentence no matter how you cut it for a marijuana crime." *Id.* at Ex. 4, p. 8. The Court subsequently sentenced Petitioner to 97 months in custody followed by 4 years of supervised release. *Id.* at Ex. 4, pp. 8-9.

On November 1, 2004 Petitioner filed a Notice of Appeal. The Sixth Circuit Court of Appeals dismissed Petitioner's appeal for want of prosecution on December 14, 2004. Petitioner filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on October 18, 2005 and the district court ordered the Government to respond. The Government filed its response on December 23, 2005. District Court Judge Avern Cohn referred this motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on January 4, 2006.

### III.   LAW & ANALYSIS

Petitioner contends that his sentence was imposed in violation of *United States v. Booker*, 543 U.S. 220, because the district court treated the Guidelines as mandatory rather than advisory when imposing his sentence. Petitioner claims that he must be re-sentenced under the advisory Guidelines.

Petitioner's claim is based upon the Supreme Court's decision in *Booker*, 543 U.S. 220, in which the Court applied *Blakely*, 542 U.S. 296, to the federal Guidelines. The *Booker* court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. 543 U.S. at 244.

The *Booker* Court directed that its holding be applied to all cases on direct review. *Id.* at 268. A case is considered final and no longer on direct review when a

"judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari is finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S. Ct. 708, 712, 93 L. Ed. 2d 649 (1987). *Booker* was decided on January 12, 2005. Petitioner's conviction arguably became final on December 14, 2004 when his appeal was dismissed.[1] Since Petitioner did not seek timely reconsideration of his appeal's dismissal, *see* 6 Cir. R. 45(b), he would be precluded from seeking certiorari review. *But see Amaya v. United States*, 2001 WL 1659266 * 2 (N.D. Tex. 2001) (table) (petitioner has 90 days to seek certiorari review of the dismissal of his appeal for want of prosecution before conviction becomes final). If Petitioner's conviction was therefore final before *Booker* was decided, his claim for retroactive *Booker* relief would be foreclosed under *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

Under the facts of the instant case, however, the Court need not decide when Petitioner's conviction became final in order to determine that Petitioner is not entitled to relief. Section 2255 is not a substitute for direct appeal. Thus, a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593, 71 L. Ed. 2d 816 (1982). Where a defendant has failed to assert a claim on direct appeal, he has procedurally defaulted his claim and review of the claim is barred absent a showing of cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-24, 118 S. Ct. 1604, 1611-12, 140 L. Ed.

---

[1] When a defendant voluntarily dismisses his appeal, the defendant's conviction becomes final when the appellate court grants the dismissal. *See e.g. United States v. Sylvester*, 2006 WL 695796 *2, citing *Craddock v. Mohr*, 215 F.3d 1325, 2000 WL 658023 * 1 (6th Cir. 2000) (table).

2d 828 (1998). "Cause" is a recognized reason that is external to the defendant for failure to previously raise a claim. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). "Actual prejudice" occurs when the defendant's constitutional or other fundamental rights are impacted. *Frady*, 456 U.S. at 166, citing *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S. Ct. 1730, 52 L. Ed. 2d 203 (1977).

Here, Petitioner did not pursue a direct appeal. Petitioner does not profess his actual innocence. Furthermore, Petitioner has failed to identity any cause or actual prejudice to excuse his procedural default.[2] Consequently, Petitioner's challenge to his sentence must fail.

## IV.    CONCLUSION

The files and the records in this case conclusively show that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. 28 U.S.C. § 2255; *see Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quotations omitted). For the reasons described herein, this Court recommends that Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be **DENIED.**

---

[2] A claim of ineffective assistance of counsel claim is not subject to the procedural default rule. *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Petitioner does not make such a claim here. But even if counsel had pursued an appeal in this case, it would likely have been dismissed because Petitioner waived his right to appeal his sentence. "A defendant may waive the right to *Booker* review of his sentence by expressly waiving his right to appeal in a plea agreement." *United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005); *see also United States v. Ali*, 2006 WL 1133302 * 1-2 (6th Cir. 2006) (table). Petitioner waived his right to appeal his sentence conditioned upon the imposition of a sentence of no more than 121 months. During his plea colloquy, Petitioner acknowledged this waiver. The Court sentenced him to 97 months, which triggered his appellate waiver. He therefore waived his right to appeal his sentence, including any claim under *Booker*.

**V.   NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 05, 2006                            s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

## **Proof of Service**

    I hereby certify that a copy of this Report and Recommendation was served upon Fate Navar Martin and Counsel of Record on this date.

Dated: May 05, 2006                          s/ Lisa C. Bartlett
                                                Courtroom Deputy