UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATE NAVAR MARTIN,

        Petitioner,                      Civil Number: 05-CV-74032
                                                  Criminal Number: 02-81149

v.

                                                  HONORABLE AVERN COHN

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION UNDER 28 U.S.C. § 2255

I.

This is a habeas case under 28 U.S.C. § 2255.  Petitioner Fate Navar Martin, a federal prisoner convicted of distribution of cocaine and serving 97 months imprisonment, claims he is incarcerated in violation of his constitutional rights. Petitioner specifically claims that his sentence violates the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005).  The matter was referred to a magistrate judge for a report and recommendation (MJRR).  The magistrate judge recommends that the motion be denied.  The Court agrees.  The reasons follow.

II.

The MJRR accurately sets forth the relevant facts.  Petitioner pled guilty under a Rule 11 agreement.  Under paragraph 2 of the agreement, the parties stipulated to a guidelines range of 97-121 months and the government agreed to recommend a

1

sentence of no more than 109 months - the mid-point of the guidelines.  This guidelines range included a 2 point upward adjustment for relevant conduct, i.e. an involvement in 1,000 kilograms of marijuana as alleged in the indictment.  Petitioner also agreed that if the Court imposed a sentence in accordance with or below that described in paragraph 2, Petitioner waived his appellate rights.  Petitioner was sentenced to 97 months.[1]  Petitioner filed a notice of appeal which was dismissed for want of prosecution.  Petitioner then filed the instant motion under § 2255.

III.

In his objections, Petitioner says he has a Booker claim because the Court applied the 2 point adjustment.  This objection lacks merit.  As the magistrate judge carefully explained, Petitioner cannot make out a claim because he did not raise it on appeal and he has not overcome his default.  The magistrate judge also noted that Petitioner's conviction arguably became final prior to Booker in which case his claim fails because Booker does not apply retroactively.

Petitioner also objects to the magistrate judge's finding that he has not alleged actual innocence.  Petitioner says he has always maintained his innocence for any amount of marijuana over 980 kilograms.  This is not the type of actual innocence necessary to overcome a defaulted claim - Petitioner must allege complete innocence.

_____

[1] At sentencing, the Court noted that there was a high likelihood that the guidelines would be invalidated although the Supreme Court had not yet issued its decision in Booker, and stated that if it were to sentence without the guidelines, it would sentence Petitioner to 97 months.

IV.

Accordingly, the findings and conclusions of the MJRR are adopted as the findings and conclusions of the Court. Petitioner's motion under § 2255 is DENIED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2006, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager
(313) 234-5160

3