UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATE NAVAR MARTIN,

        Petitioner,               Civil Number: 05-CV-74032
                                             Criminal Number: 02-81149

v.

                                             HONORABLE AVERN COHN

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2255. Petitioner Fate Navar Martin, a federal prisoner convicted of distribution of cocaine and serving 97 months imprisonment, claimed he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed that his sentence violates the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005). The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommended that the motion be denied on several grounds, including that the claim was procedurally defaulted, that review was barred because Booker does not likely apply to Petitioner's case, and Petitioner failed to show actual innocence to overcome his default. The Court agreed and denied the motion. See Order Adopting Report and Recommendation and Denying Motion under 28 U.S.C. § 2255, filed May 25, 2006. Petitioner seeks to appeal.

II.

Before Petitioner can appeal the Court's order, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State

2

of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Having carefully reviewed the file, the Court finds that for all the reasons stated in the May 25, 2006 order, reasonable jurists would not debate whether Petitioner's Booker claim deserves to proceed further or whether the Court erred in denying the motion.  Accordingly, a COA is DENIED.

SO ORDERED.


       s/Avern Cohn  
       AVERN COHN  
       UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 17, 2006, by electronic and/or ordinary mail.

       s/Julie Owens  
       Case Manager, (313) 234-5160

3