UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Criminal Number: 02-81149

v.                                                HONORABLE AVERN COHN

FATE NAVAR MARTIN,

        Defendant.
_____/

## ORDER DENYING MOTION FOR PERMISSION TO FILE AN OUT OF TIME APPEAL

I.

This is a criminal case. In 2003, defendant pled guilty under a Rule 11 agreement. Under paragraph 2 of the agreement, the parties stipulated to a guidelines range of 97-121 months and the government agreed to recommend a sentence of no more than 109 months. Defendant also agreed that if the Court imposed a sentence in accordance with or below that described in paragraph 2, defendant waived his appellate rights. On October 18, 2004, defendant was sentenced to 97 months.[1]

On November 1, 2004, defendant filed a notice of appeal. United States v. Martin, No. 04-2378. On December 9, 2004, the Court of Appeals for the Sixth Circuit dismissed the appeal for want of prosecution because (1) the form of appearance was

---

[1] At sentencing, the Court noted that there was a high likelihood that the guidelines would be invalidated although the Supreme Court had not yet issued its decision in Booker, and stated that if it were to sentence without the guidelines, it would sentence Petitioner to 97 months.

not filed, and (2) the transcript purchase order was not filed.

On October 18, 2005, defendant filed a motion under § 2255 claiming that his sentence violated the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005). The matter was referred to a magistrate judge who recommended that the motion be denied. The Court agreed and denied the motion. See Order filed May 25, 2006. On June 5, 2006, defendant filed a notice of appeal. On August 17, 2006, the Court entered an order denying a certificate of appealability. On January 30, 2007, the Sixth Circuit denied a certificate of appealability.

Now before the Court is defendant's Motion for Permission to File an out of Time Appeal. For the reasons that follow, the motion is DENIED.

II.

It appears that defendant is seeking permission to file a direct appeal from his conviction. However, defendant did file a direct appeal; the appeal was dismissed for want of prosecution. While defendant appears to assert that his failure to pursue his appeal was the result of his counsel's ineffectiveness, that is not basis for allowing him a second opportunity to file a direct appeal, particularly where defendant filed a § 2255 motion.

To the extent that defendant requests permission to file an appeal from the denial of his § 2255 motion, his request lacks merit. Defendant did attempt to appeal the denial of his § 2255 motion by filing a notice of appeal. In order to be able to appeal the denial of a §2255 motion, defendant had to first obtain permission to file the appeal through a certificate of appealability. Both this Court and the Sixth Circuit denied him a certificate of appealability.

Moreover, even assuming defendant did not file a direct appeal, Rule 4(b) of the Federal Rules of Appellate Procedure specifies the time within which a criminal defendant must file his notice of appeal. The rule gives the defendant 10 days to file after the judgment or order of the district court is entered. Fed. R.App. P. 4(b)(1)(A)(I). This 10-day rule, however, is not absolute. Rule 4(b)(4) provides for an extension as follows:

> Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed [by this rule].

The Sixth Circuit has held that "a district court has the discretion to consider a motion to extend the time for appeal beyond the 10-day deadline if and only if it is filed within 30 days after the 10-day deadline, or 40 days from the date of entry of judgment." United States v. Tarrant, 158 F.3d 946, 947 (6th Cir.1998). The judgment in this case was entered on October 18, 2004. Defendant's motion was received on July 24, 2007, years beyond the 40 day time requirement. Thus, the Court will not extend the time for defendant to appeal under these circumstances.

SO ORDERED.

Dated: July 26, 2007  s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record and Fate N. Martin, 31441-039, FPC Montgomery, Maxwell Air Force Base, Montgomery, AL 36112 on this date, July 26, 2007, by electronic and/or ordinary mail.

 s/Julie Owens
Case Manager, (313) 234-5160